Joseph P. Gagliardi, J.
Petitioner seeks review of an order of the Temporary State Rent Commission fixing a maximum rent for a second-floor apartment at No. 30 South Seventh Avenue in the City of Mount Vernon, upon the tenant’s complaint and overruling petitioner’s claim that the units had become decontrolled as the result of a conversion in 1951.
The record indicates that petitioner’s predecessor in title effected certain changes to the premises in 1951, thereby permitting a single-family duplex apartment to be utilized by two separate families. However, no application for decontrol was filed with the Temporary State Rent Commission nor was the approval of the Building Inspector for the City of Mount Vernon requested as is required by the applicable local ordinance.
*246 Apparently the premises at the time of the hearings herein were being utilized by three families. Nevertheless the records of the Mount Vernon Building Department demonstrate that they have not issued a certificate of occupancy for three-family use although an application has been filed and is pending the completion of additional necessary work estimated at some $2,000.
Petitioner argues that additional housing units were created pursuant to proper permits and that he should not be penalized now because his predecessor in title failed to seek a pro forma certificate of occupancy. The only reason, it is urged, that a certificate of occupancy did not issue in this matter presently is due to the adoption of additional or more stringent requirements to the Building Code since the alterations were made on the premises.
The record does not sustain the conclusion that a certificate of occupancy would have issued in 1951 had it been sought. In short there is no showing that the premises either then or now meet the minimum housing requirements for the municipality.
The conversion is for all intent and purposes incomplete unless and until a certificate of occupancy (or some other similar document) issues evidencing total compliance with the minimum applicable requirements which have been promulgated for the purpose of insuring adequate housing facilities.
Section 11 of the State Bent and Eviction Begulations permitting decontrol to newly formed housing accommodations after May of 1950 inhibits the Administrator’s discretion by providing in subdivision 2 that “ No order of decontrol shall be issued under this section * * * unless the Administrator shall find that the landlord has .satisfied all of the requirements of the authorities having jurisdiction over such conversion and over the occupancy of the newly created housing accommodations. ’ ’
The lack of municipal approval with respect to use of these premises for three-family occupancy is sufficient justification for the Bent Administrator’s refusal to decontrol the allegedly new accommodation. The housing facilities have been determined to be .substandard according to present standards which is the only test that can be applied since only now has approval been sought.
Consequently the petition is denied and the proceedings dismissed, without costs.